[No. 20745.  Department One.  October 10, 1927.]

W. F. MOODY, *Respondent*, v. MACKALL-PAINE VENEER COMPANY, *Appellant*.[1]

[1] SALES (72, 73, 82)—DELIVERY AND ACCEPTANCE—QUANTITY AND QUALITY—EVIDENCE—SUFFICIENCY. Findings that veneer blocks, sold and delivered, complied with the contract as to quantity and quality are sustained by evidence showing that the scale was made as agreed upon, and was correct, and that the purchaser, after seeing the blocks, verified his purchase of them.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered December 4, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Miller, Wilkinson & Miller,* for appellant.

*F. L. Morgan,* for respondent.

MITCHELL, J.—W. F. Moody, a logger, by letter, offered to sell to Mackall-Paine Veneer Company cut spruce timber, known as veneer blocks. The veneer company answered that Moody's letter was referred to their log buyer, T. O. Carney. Carney wrote to Moody agreeing to buy for the veneer company at prices stated for numbers 1, 2 and 3 blocks. It appears that he also gave specifications as to dimensions and quality of timber for each grade.

The seller was given the choice of having the blocks scaled and graded by the Grays Harbor Log Scaling and Grading Bureau at the point of shipment, or by the veneer company upon the receipt of the shipment at its place of business. The bureau had scaled and graded blocks for the veneer company before. Moody got out two carloads of the timber and called on the bureau to scale and grade it. That work was done by

[1]Reported in 259 Pac. 879.

a representative of the bureau. In performing this service, the scaler was offered by Moody, as Moody testified, the specifications furnished by Carney, which were refused, the scaler saying:

"He knew more about the veneer company's specifications than Moody did; that he did all of the veneer company's scaling."

A scaling and grading sheet was made out and certified to by the bureau, the original and copies of which were delivered to Moody, one of which he forwarded to the veneer company. The blocks were shipped, and upon arrival, some controversy arose between the parties as to the quantity and quality of the blocks. This controversy was not adjusted by the parties. Moody brought suit to recover, and upon a trial before the court without a jury, obtained judgment for the amount shown by the scale at prices stated for the three grades. The veneer company has appealed.

[1] The questions in the case relate to the quantity and quality of the timber. As to the quantity, there was considerable controversy at the trial over the admissibility in evidence of the scale sheet, because the individual who did the scaling and grading was not present to testify at the trial. However, the court asked counsel for the appellant the following question:

"And you don't deny the scale?"
to which counsel answered:
"I don't deny but that the Grays Harbor Log Scaling and Grading Bureau scaled them and that that is their scale."

The instrument was admitted in evidence. This admission, as we understand, goes only to the question of quantity. The respondent, also, testified that the quantity was correct. The bureau's scaler, by a deposition taken and read at a later time to which the trial was continued, testified that the quantity stated in the scale sheet was correct.

Nor is the proof as to the quality any less satisfactory. Respondent, an experienced logger and seller of such timber, testified that the blocks were up to grades. And still further, when the controversy over scaling and grading arose between the parties, the bureau was advised of it by the appellant. The president of the bureau testified that he wrote asking appellant's manager to have Mr. Carney, appellant's log buyer, call on the bureau to verify his purchase of blocks from Moody; that Carney did call shortly and said that he had seen the Moody blocks. This was brought out in the cross-examination of the president of the log scaling and grading bureau by appellant's counsel. Still further in the cross-examination of the same witness, upon referring to the letter to have Mr. Carney call and give his version of the purchase, the following testimony was given:

"Q. Did he come up? A. Yes. Q. Do you say that Mr. Carney came up and told you that he had bought those blocks? A. Yes. Q. That he had seen them and bought them? A. Yes. Q. You are positive he said that? A. Yes. Q. Where did that conversation take place? A. In my office in Aberdeen. Q. You don't remember when? A. I beg your pardon? Q. Do you remember when it was? A. It was shortly after this correspondence. I couldn't say as to the date. I made no notation of it."

Some of the testimony on behalf of the respondent on the subjects of the quantity and quality of the blocks was disputed; but upon a consideration of all of it, we are satisfied it preponderates in support of the findings and judgment favorable to the respondent.

Affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.